**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 05-4904**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAMON WILLIAM GREEN,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (CR-05-139)

───────────────

Submitted:  April 28, 2006          Decided:  May 26, 2006

───────────────

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

David B. Betts, Columbia, South Carolina, for Appellant.  Jonathan S. Gasser, United States Attorney, John C. Duane, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ramon William Green appeals his conviction and 120-month sentence pursuant to a guilty plea on one count of possession with intent to distribute marijuana, cocaine, and five grams or more of cocaine base. On appeal, Green argues that the district court erred under Fed. R. Crim. P. 11 in finding a factual basis for his guilty plea and with respect to advising him that he faced a mandatory minimum sentence of ten years. Finding no reversible error, we affirm.

Because Green did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). This analysis requires the court to determine whether there was error, whether the error was plain, and whether it affected the defendant's substantial rights. Id. at 524. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Hughes, 401 F.3d 540, 555 (4th Cir. 2005) (internal quotation marks and citation omitted).

Green first argues that the district court failed to comply with Fed. R. Crim. P. 11(b)(3) in finding a factual basis for his guilty plea. Specifically, Green contends that the district court did not have a sufficient factual basis to support the element of intent to distribute. Rule 11(b)(3) provides that: "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). A district court need not replicate the trial that the parties sought to avoid; rather, it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense. United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997) (internal citations omitted). Moreover, a district court may find the factual basis for the plea "from anything that appears on the record." See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

In this case, the Government's recitation of the facts, to which Green explicitly agreed, was sufficient to establish a factual basis for an intent to distribute charge. Additionally, Green admitted, in open court, that he intended to distribute the drugs he possessed. The district court asked him if he "knowingly, intentionally and unlawfully possess[ed] with intent to distribute a quantity of marijuana . . . five grams or more of cocaine base . . . and a quantity of cocaine . . . ." Green answered, "Yes,

sir." This admission of intent to distribute, made in open court and in direct response to the district court's question of whether he possessed such intent, constitutes a sufficient factual basis for the element of intent to distribute. See DeFusco, 949 F.2d at 120 (holding defendant's signed statement of facts setting forth his "admission that he did 'knowingly, intentionally and fraudulently conceal assets from the Trustee of the Bankruptcy Court'" was sufficient to constitute admission of element of charged offense). We find that there was a sufficient factual basis in the record for the court's acceptance of the plea and therefore no plain error.

Green also argues that the district court failed to clearly explain that he faced a mandatory minimum ten year sentence because of the 21 U.S.C. § 851 (2000) information filed by the Government. Federal Rule of Criminal Procedure 11(b)(1)(I) requires the district court inform the defendant of, and determine that he understands, any mandatory minimum penalty. Fed. R. Crim. P. 11(b)(1)(I). Green does not contend that the court failed to inform him of the ten year mandatory minimum sentence. Rather, he argues that the court did not ensure that he understood that by pleading guilty he faced a minimum of ten years of imprisonment.

When a district court fails to advise the defendant of a mandatory minimum sentence and the defendant is otherwise unaware that he is subject to a mandatory minimum sentence, this court has

found that the error in failing to inform is not harmless.  <u>United States v. Goins</u>, 51 F.3d 400, 404-05 (4th Cir. 1995).  In this case, however, it is undisputed that the district court properly notified Green at the Rule 11 hearing, albeit through the U.S. Attorney, of the ten year mandatory minimum sentence and verified that he understood.  We therefore find no plain error under Rule 11(b)(1)(I).

Accordingly, we affirm Green's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>